IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | CASE NO. 4:11-CR-36 (CDL) |
| KEVIN C. MEBUGE | * | |

O R D E R

Defendant Kevin C. Mebuge ("Mebuge") pleaded guilty to theft of government property, in violation of 18 U.S.C. § 641. Judgment 1, Apr. 18, 2011, ECF No. 8. The United States Magistrate Judge ("Magistrate") sentenced Mebuge to eight months of imprisonment. *Id.* at 2. Mebuge appealed the sentence pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), contending that the sentence is procedurally and substantively unreasonable. For the reasons set forth below, the Court affirms the sentence imposed by the Magistrate.

PROCEDURAL BACKGROUND

In January 2011, Military Police caught Mebuge stealing a $6.25 box of condoms from the Army and Air Force Exchange Service at Fort Benning, Georgia. On May 25, 2011, Mebuge appeared for his arraignment and waived counsel.[1] Mebuge pleaded

---

[1] At the arraignment, the Magistrate told Mebuge, "Mr. Mebuge, you are presumed to be innocent. You have the right to remain silent and you have the right to be represented by an attorney, if you wish. Do you think you need an attorney?" Arraignment Hr'g Tr. 2:24-3:2, May 25, 2011, ECF No. 15. Mebuge responded, "No, sir." *Id.* at 3:3. The Magistrate asked, "Are you sure?" and Mebuge responded "Yes, sir."

guilty to theft of government property. Arraignment Hr'g Tr. 3:6-11, May 25, 2011, ECF No. 15.

After Mebuge entered the guilty plea, he received a copy of his presentence report and had an opportunity to review it. Sentencing Hr'g Tr. 2:6-13, Aug. 18, 2011, ECF No. 16. Though Mebuge did not file a written objection to the presentence report, he did object to it at his sentencing hearing, at which he was represented by counsel. Mebuge objected to the presentence report because it contained a conviction for financial transaction card theft in Muscogee County, Georgia and a conviction for larceny at Fort Knox, Kentucky.[2] According to Mebuge, those convictions were related because he stole a debit card while on post (larceny conviction) and used the card several weeks later to purchase merchandise at a store off post (financial transaction card theft conviction). *Id.* at 2:19-3:1. The Magistrate found, and Mebuge's counsel conceded, that the two convictions were separate under the dual sovereignty rule. *Id.* at 3:2-11.

The Magistrate determined that the advisory sentencing range under the Federal Sentencing Guidelines ("Guidelines") was

---

*Id.* at 3:4-5. In the fact statement of his brief, Mebuge stated that he did not understand that an attorney would be appointed for him if he could not afford one. He did not raise this issue in his sentencing hearing or as an error on appeal, however. The Court concludes that Mebuge waived his right to counsel.

[2] The presentence report also contained a conviction for identity fraud in Muscogee County, Georgia. Mebuge did not make an objection related to that conviction.

2

two to eight months, based on an offense level of four and a criminal history category of four.  *Id.* at 5:5-7.  The Magistrate stated: "In imposing the sentence in this case the Court has considered the facts of the case and the sentencing factors found at 18 U.S.C. § 3553(a)."  *Id.* at 5:7-9.  The Magistrate also found that Mebuge stole "in a manner that's pretty sophisticated"—meaning that he had to "stop and think and plan" and that he had "multiple opportunities to reconsider" his conduct but did not do so.  *Id.* at 4:22-5:1.  The Magistrate also noted that Mebuge had "three prior failures" and that Mebuge's criminal history had caught up with him.  *Id.* at 5:1-4.

The Magistrate sentenced Mebuge to eight months of imprisonment.  *Id.* at 5:10-11.  The Magistrate did not order Mebuge to pay a fine because the Magistrate found Mebuge financially unable to pay, "given the number of [his] dependents and the fact of incarceration."  *Id.* at 5:11-14.

## DISCUSSION

In this appeal, Mebuge "is not entitled to a trial de novo by a district judge."  Fed. R. Crim. P. 58(g)(2)(D).  "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  *Id.* Therefore, the Court must review the Magistrate's decision for abuse of discretion using a two-step process.  *United States v. Saac*, 632 F.3d 1203, 1212 (11th Cir. 2011).  First, the Court

must determine whether the Magistrate committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* (internal quotation marks omitted). Second, the Court must "review the sentence's substantive reasonableness under the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* (internal quotation marks omitted). Mebuge "bears the burden of establishing that the sentence is unreasonable." *Id.* (internal quotation marks omitted).

On appeal, Mebuge contends that the sentence was procedurally unreasonable because the Magistrate improperly calculated his Guidelines range and failed to consider the § 3553(a) factors. Mebuge also asserts that the sentence is substantively unreasonable. The Court addresses each argument in turn.

**I.   Is Mebuge's Sentence Procedurally Unreasonable?**

Mebuge argues that the Magistrate improperly calculated his Guidelines range. Mebuge's advisory Guidelines range was calculated to be two to eight months, based on a total offense level of four and a criminal history category of four. Mebuge

4

does not object to the computation of the offense level, which is based on a base offense level of six and a two level reduction for acceptance of responsibility.  Mebuge does object to the computation of the criminal history category, which is based on three offenses: (1) conviction for financial card theft transaction in Muscogee County, Georgia; (2) conviction for larceny by the Provost Marshal at Fort Knox, Kentucky; (3) conviction for identity fraud in Muscogee County, Georgia.  The criminal history category also takes into account the fact that Mebuge was serving a sentence of probation for the identity fraud conviction when he was arrested for shoplifting at Ft. Benning.  Mebuge's only objection to the criminal history category computation is that the financial card theft transaction conviction was counted separately from the larceny conviction.  Mebuge made this argument at his sentencing hearing, and the Magistrate considered it.  The convictions are for two separate offenses, however, and the Magistrate did not err in considering both of them.  *Cf., Finch v. Vaughn*, 67 F.3d 909, 915 (11th Cir. 1995) ("Under the principle of dual sovereignty, a defendant may be prosecuted and sentenced by state and federal governments if his conduct violates the laws of each sovereign.").  Therefore, the Magistrate did not improperly calculate Mebuge's Guidelines range.

Mebuge also contends that the Magistrate failed to consider the § 3553(a) factors. Under § 3553(a), the sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3353(a)(1). The Court must also consider, among other things, "the need for the sentence imposed" to ensure that it reflects "the seriousness of the offense," promotes "respect for the law," provides "just punishment for the offense," affords "adequate deterrence to criminal conduct," protects "the public from further crimes of the defendant," and provides "the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court must also consider "the kinds of sentences available," "the kinds of sentence and the sentencing range established for . . . the applicable category of offense," "any pertinent policy statement . . . issued by the Sentencing Commission," "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(3)-(7).

In particular, Mebuge asserts that an eight-month prison sentence for stealing a $6.25 box of condoms does not reflect the seriousness of the offense and is not just punishment for

6

the offense.  Mebuge also appears to contend that the Magistrate did not consider mitigating evidence.  Though Mebuge quarrels with the Magistrate's ultimate conclusions, he cannot dispute that the Magistrate expressly considered the § 3553 factors.  The Magistrate considered the nature of Mebuge's crime, including the fact that he had opportunities to change his mind before committing the offense but did not do so, and the Magistrate also considered Mebuge's three prior convictions for theft related offenses.  The Magistrate did note that Mebuge had a wife and two children, but he found that those mitigating circumstances were outweighed by other factors.  Accordingly, the Court cannot find that the Magistrate failed to consider the § 3553 factors, and the Court therefore concludes that the Magistrate committed no procedural error in selecting Mebuge's sentence.

**II.  Is Mebuge's Sentence Substantively Unreasonable?**

Having found that Mebuge's sentence is procedurally reasonable, the Court must determine whether the sentence is substantively reasonable.  In reviewing a sentence for substantive reasonableness, the Court must "examine the totality of the circumstances and determine whether the sentence achieves the sentencing goals stated in 18 U.S.C. § 3553(a)."  *Saac*, 632 F.3d at 1214.  "If the sentence is within the Guidelines range, the . . . court may, but is not required to, apply a presumption

of reasonableness." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The sentence here is within the Guidelines range, and the Court concludes that it is presumptively reasonable. Nonetheless, Mebuge argues that his eight month sentence is substantively unreasonable. Mebuge appears to argue that the Magistrate should have either (1) departed downward from its Guidelines calculation in determining Mebuge's sentence or (2) selected a sentence at the lower end of the Guidelines range.

It is within the Magistrate's discretion to weigh the § 3553(a) factors, and the Court must not substitute its judgment in weighing the relevant factors. *Saac*, 632 F.3d at 1214-15. The Magistrate considered the nature of Mebuge's crime, including the fact that he had opportunities to change his mind before committing the offense but did not do so, and the Magistrate also considered Mebuge's three prior convictions for theft related offenses. The Magistrate did note that Mebuge had a wife and two children, but he found that those mitigating circumstances were outweighed by other factors. Under the totality of the circumstances, the Court cannot say that it is "left with the definite and firm conviction that the [Magistrate] committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the

case." *Saac*, 632 F.3d at 1215 (internal quotation marks omitted). Therefore, the Court cannot find that the Magistrate committed an abuse of discretion in reaching these conclusions, and the Court affirms Mebuge's sentence.

## CONCLUSION

For all of the foregoing reasons, Mebuge's sentence and the corresponding judgment are AFFIRMED.

IT IS SO ORDERED, this 27th day of December, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE